---

## Case No. 3,152.

### In re COOK.

[2 Story. 376;[1] 5 Law Rep. 443.]

Circuit Court, D. Massachusetts. Oct. Term, 1842.

#### BANKRUPTCY—LIEN OF ATTACHMENT.

1. The doctrine in the case of Ex parte Foster [Case No. 4,960] re-stated and affirmed.

2. A judgment upon property, attached on the writ, in Massachusetts, is a lien within the proviso of the second section of the bankrupt act of 1841 [5 Stat. 442], and is saved thereby, and is wholly unaffected by the proceedings in bankruptcy, when it has been regularly obtained, before any petition, or decree, or discharge in bankruptcy.

[Cited in Fiske v. Hunt. Case No. 4,831; Re Bellows, Id. 1,278; Re Reed, Id. 11,640; Hudson v. Adams, Id. 6,832.]

3. Where property was attached upon mesne process, and after judgment was obtained, the defendant filed his petition to be decreed a bankrupt, it was held, that the right of the attaching creditor had attached absolutely to the property, and by the law of Massachusetts, remained a fixed and permanent lien, for thirty days after the judgment, by means of which, the creditor, at his election, might obtain a preference of satisfaction out of the property attached over all other creditors.

[Cited in Hudson v. Adams, Case No. 6,832.]

This case was adjourned in the circuit court upon the following statement of facts: The president, directors, and company of the Charlestown Bank, a corporation, created by a law of the commonwealth of Massachusetts, and having its place of business in Charlestown, in the said commonwealth, heretofore sued out three several writs of attachment against the said Enoch Cook, upon which personal property was attached, and which was returnable to the court of common pleas for the county of Middlesex, and commonwealth aforesaid, at the September term thereof, A. D. 1842. The actions were entered, and judgment was recovered against the said Cook by default, on the twelfth day of September aforesaid. On the thirteenth day of the said September, the said Cook filed his petition, in common form,

for relief under the bankrupt act, and in the schedule annexed to his petition, was enumerated the property heretofore attached by the said corporation. Order of notice upon the said petition was issued returnable on the first Tuesday of November. Executions duly issued upon the said judgments recovered by the said corporation against the said Cook, and they were duly levied upon the property attached on the sixth day of October, A. D. 1842. A portion of the said property was advertised for sale on the twelfth day of the said October, and another portion for a subsequent day. The said Cook, on the eleventh day of the said October, presented a petition to the honorable, the district judge of the United States, for the district of Massachusetts, for an injunction against the sale of the said property and the satisfaction of the said judgments out of the same, on which order of notice to show cause issued, returnable on the twelfth day of the said October. The question was briefly spoken to before the district judge, but was not decided by him, and, at his suggestion, the parties entered into an agreement, by which, the property and the proceeds of the property were to be retained in the hands of officers, by whom it had been attached, subject to the decision of the circuit court. Under these circumstances, the question is now presented to the consideration of the circuit court, whether the said injunction shall be dissolved. The said Enoch Cook has been declared a bankrupt, according to his said petition. Upon this statement, the question whether the injunction there referred to shall be dissolved, was adjourned by the district court into this court.

The case was shortly spoken to by B. R. Curtis, for the respondents, and by George S. Hillard, for the petitioner.

The following cases were cited: Martin v. Martin, 1 Ves. Sr. 211, 213; Drewry v. Thacker, 3 Swanst. 529; Lee v. Park, 1 Keen, 714; Ex parte Foster [Case No. 4,960]; Drew. Inj. 111; Clarke v. Earl of Ormonde, Jac. 108, 124.

STORY, Circuit Justice. It has been a matter of surprise to me, to see how greatly the case of Ex parte Foster [Case No. 4,960], has been misunderstood and misinterpreted. A great deal of the preliminary reasoning in that case was employed in the discussion, of points raised by the elaborate arguments of counsel, which seemed necessary to clear the way for the decision of the point, actually presented to the court by the adjourned question. That decision was, that an attachment commenced under the Massachusetts laws by a creditor against his debtor in a suit for his debt, and which suit had not as yet arrived at the stage, in which the pleadings closed, or are even put in, is not such an absolute lien as is entitled to protection and priority under the act of congress, but

---

[1] [Reported by William W. Story, Esq.]

is a contingent lien dependent upon the creditor's obtaining a judgment in the suit. That if the debtor proceeding in bankruptcy should be decreed a bankrupt, and should receive a discharge under the act, that discharge could be pleaded as a good bar to the suit in the nature of a plea puis darrien continuance; and that consequently under such circumstances, the district court, acting in bankruptcy, ought not to permit the creditor, pending the proceedings in bankruptcy, and before it was possible for the debtor to obtain a discharge in a race of diligence, to obtain a judgment, which should give him a priority of satisfaction over the general creditors, out of the property attached in his suit. Consequently, the creditor ought to be enjoined against further proceedings in his suit, except so far as the district court should allow, until it should be ascertained, whether the debtor obtained his discharge or not. If he did not obtain his discharge, then the creditor might be at liberty to proceed and get judgment, and thus to perfect his lien under his attachment, by following it up by a seizure of the property in execution, which might, under such circumstances, (for the court gave no opinion on the point,) give him an unconditional priority of satisfaction out of the same. So that the effect of the injunction was not, to annul the attachment, but only to suspend proceedings in the suit, until it could be ascertained, whether the bankrupt had a good bar, or defence upon the merits, to the suit, or the creditor had an absolute right to judgment therein. No question arose, in that case, as to what would be the effect, if the creditor had proceeded to judgment in his suit, before the petition in bankruptcy was filed by the party, praying to be declared a bankrupt (which is the very point now presented for consideration), and, therefore, the effect of a judgment was only incidentally discussed; and yet, as far as it was discussed, the court pointed out the obvious distinction between the case of a supposed lien by an attachment of property before judgment, and the case of such a lien by attachment after judgment. In the former case, the lien was contingent and conditional, waiting upon the judgment; in the latter, it was absolute and binding at the election of the creditor as a means of satisfying the judgment. Then came the case of Parker v. Muggridge [Case No. 10,743], where the very distinction was taken, and strongly insisted upon by the court. That case having been founded upon contracts between the parties, as to the attachment and management of the suit, and the judgment having been in pursuance of those contracts, did not directly involve the present question, as the court decided it upon the mere footing of those contracts. The present case is, therefore, distinguishable, it being a mere proceeding by attachment by the creditor against the debtor, in invitum,

without the interposition of any such contracts.

I have no doubt whatsoever, that no injunction ought to be awarded by the district court, in the case now before the court, upon the facts stated. The proceedings in bankruptcy after the judgment can have no effect whatsoever upon that judgment or upon the property attached in the suit. The creditors, by their judgment, have made their right (call it if you please, their lien) perfect under the attachment. It is no longer a conditional, or contingent right, but it has attached absolutely to the property, and by the laws of Massachusetts, it remains a fixed and positive lien for thirty days after the judgment, by means of which, the creditor, at his election, may obtain a preference of satisfaction out of the property attached, over all other creditors. The court has no authority to deprive him of that election, nor, by an injunction, to obstruct or stop his proceedings on his execution. If the bankrupt should obtain his discharge, it would be no bar or defence to the due execution and satisfaction of that judgment in the regular course of proceedings thereon; for the debtor, after the judgment, has no day in court to plead any bar or defence. In short, after judgment, the case is precisely the same, in legal intendment, under the laws of Massachusetts, as the lien of a judgment at the common law on the real estate of the debtor. I never have doubted, that the lien of a judgment at the common law upon real estate, since the statute of Westminster (13 Edw. I. Stat. 1, c. 18), which has been adopted in many states in the Union, is within the proviso of the second section of the bankrupt act of 1841, and saved thereby, and is wholly unaffected by the proceedings in bankruptcy, when it has been obtained in the regular course, before any petition or decree or discharge in bankruptcy.

My attention has been drawn to several cases in the courts of equity in England, bearing upon the merits of the present case. If those cases are adverse to the doctrine, which I have already stated, it is not, that they stand upon any wrong principle; but that they were decided upon general reasoning and equitable considerations, applicable to cases of administrations in England; whereas the present question must be decided upon the true meaning of the proviso in our own statute of bankruptcy, which must of course control and govern all such general reasoning and equitable considerations. But upon a careful examination of the authorities, there does not appear to me any ground to doubt, that the present doctrine in England is coincident with that, which this court maintains. The case of Martin v. Martin, 1 Ves. Sr. 211, 213, was one, where a creditor's bill was filed, and after the decree to account, the particular creditor was

restrained from proceeding at law, and very properly restrained; for the decree was equivalent to a judgment for all the creditors, and yet could not be pleaded at law to the suit of the creditor, for courts of law do not take cognizance of decrees in equity. But Lord Hardwicke there said, that a decree in equity is equal to a judgment at law, and then a preference will be given in priority of time only, as in judgments in the courts of law. This plainly admits, that if the judgment is before the decree, it overrides the decree. And, indeed, so his lordship expressly admitted, saying, that if the .creditor suing at law, obtains judgment first, he must be first satisfied, as he will then gain a preference in course of administration, both in law and equity. See the general doctrine stated in Morrice v. The Bank of England, Cas. t. Talb. 217, 3 Swanst. 573. Drewry v. Thacker, 3 Swanst. 529, does not interfere with this doctrine. There, the creditor, before the decree for an administration of the assets, had obtained a judgment at law against the administrator de bonis intestatoris, et si non, de bonis propriis; and the question was, whether the court would, by injunction, stop the creditor from proceeding to execute his judgment in both respects, de bonis intestatoris, and de bonis propriis. The vice chancellor (Sir John Leach), granted the injunction; but Lord Eldon refused upon appeal to confirm it. But the point was not absolutely decided. There is a dictum of Lord Eldon in Clarke v. Earl of Ormonde, Jac. 108, 124, where he said; "Even if a creditor has got a judgment before the decree, though he may come in and prove as such, he must not take out execution." Possibly this may be true sub modo in some cases, and under some circumstances; but as Lord Langdale justly observed in Lee v. Parke, 1 Keen, 724, this is not the ordinary rule. And in the case before him, turning upon very special circumstances, he decreed an injunction. In Price v. Evans, 4 Sim. 514, the judgment was before the decree; and in Kent v. Pickering, 5 Sim. 569, although it does not appear, whether the judgment or decree was first, the court granted an injunction only to restrain the creditor from proceeding at law against the assets; but not from proceeding against the executor de bonis propriis. I should rather gather from the report, that the decree was first; and so it seems to have been understood by the learned author on injunctions. See Drew. Inj. pt. 1, pp. 115, 122, c. 4.

Upon the whole, my opinion is, that the injunction granted in this case ought to be dissolved, and I shall direct a certificate accordingly, to the district court.